DAVIS T. RICHARDSON, et al., plaintiff in error. vs. WASHINGTON HARTSFIELD, defendant in error.

[1.] An exception to an award will not be entertained, unless it is warranted by the facts in the record.

[2.] The affirmative declaration in the Act of 1856, that the arbitrators may adjourn from day to day, does not, perhaps, necessarily exclude the idea, that they may adjourn for a longer time, should the exigencies of the case require it.

[3.] The failure of the arbitrators to sign the award on the day on which it is agreed to, does not affect its validity.

Arbitration and award, from Upson county. Tried before Judge CABANISS, at November Term, 1858.

This was a motion by Washington Hartsfield, to enter an award of arbitrators on the minutes of the Court, and to make the same the judgment thereof. To which motion D. T. and F. M. Richardson, the other parties to said award, objected, and filed their exceptions thereto.

The following is the submission under which said award was made:

" STATE OF GEORGIA, UPSON COUNTY.

This indenture of arbitration made this thirty-first day of March, in the year of our LORD 1858, between Washington Hartsfield of the one part, and Davis T. Richardson and Francis M. Richardson of the other part, (and all being of said county of Upson,) is such that whereas, the said Davis T. and Washington, in 1847, entered into a copartnership in the mercantile business in the town of Thomaston in said county, which they continued and carried on under the name of Richardson & Hartsfield, in said town, until 1st January, 1851, at which time Francis M. Richardson was taken as an equal partner in said business, and then the business went on to 1st January, 1853, under the name of Richardson, Hartsfield & Co., on which day Washington Hartsfield sold out his interest in the stock of merchandise then on hand belonging to Richardson, Hartsfield & Co., to the said Davis T. and Francis M., who continued business under the firm, name and style of D. T. & F. M. Richardson.

And whereas, the business of said firms of Richardson & Hartsfield and Richardson, Hartsfield & Co., and of the firm just named with the firm of D. T. & F. M. Richardson, has become so confused and complicated, that controversies have arisen between the said Washington Hartsfield on the one side, and the said Davis T. and Francis M. Richardson on the other side, involving the transactions of the several partners had, in and touching the business of each of said firms, and also involving the transactions of said firm of Richardson, Hartsfield & Co., affecting the business and interest of

said firm of Richardson & Hartsfield, and its said members, which in any wise affect the interest of either of the other named firms.

And whereas, it is the desire of the partners to settle and adjust all matters and points in controversy between them, without resorting to a suit in chancery for that purpose.

Now this indenture witnesseth, that the said Washington of the one part, and the said D. T. and F. M. Richardson of the other part, have agreed, and by these presents do agree, to submit all matters in controversy between them in the premises, to arbitrators, to discharge the duties of their trust under and according to the provisions of an Act entitled 'An Act to authorize persons to submit controversies to arbitration, declaring how arbitrators shall be chosen,' &c., approved March 5th, 1856, and that the said Washington chose James M. Smith, and the Richardsons chose Wm. G. Horsly.

The parties further agree, that the following shall be the matters in controversy to be passed upon and settled by the award of the arbitrators in said case:

1st. It is alleged by the said Washington, that the said Davis T. is indebted to him upon account being had and made between them of the affairs and their several transactions of the business of the said firm of Richardson & Hartsfield ; which allegation is denied by the said Davis T., said arbitrators chosen, together with the third arbitrator to be chosen according to the provisions of said Act, shall hear the evidence which may be adduced by the parties illustrating the question made upon said allegation ; and their award shall include as part thereof, what they shall find the truth in said question to be.

2d. It is alleged by the said Washington, that by the understanding and agreement of the parties. that said Francis M. took no interest in Richardson & Hartsfield's effects, except in the stock of merchandise ; but that notwithstanding this, the effects which belonged properly and of right to said firm of Richardson & Hartsfield, and were used by said

firm, so that Richardson, Hartsfield & Co. are legally indebted to Richardson & Hartsfield; the truth of which is denied by the said D, T. and F. M. Richardson; the arbitrators shall hear the evidence, and determine what they find the truth to be, their award shall embrace the same.

3d. The said Washington alleges, that the said Davis T. and Francis M., and each of them, have applied to their own individual uses, and to the use of the firm of D. T. & F. M. Richardson, large sums of money belonging to Richardson & Hartsfield and Richardson, Hartsfield & Co.; and that each of them have thus become indebted to said firms of Richardson & Hartsfield and Richardson, Hartsfield & Co; the truth of which is denied by D. T. & F. M. Richardson; the arbitrators shall hear the evidence produced by the parties, and shall award their opinion as they find the truth to be of the question made under this specification.

The arbitrators shall ascertain from the evidence adduced by the parties on the trial, the actings and doings of the parties in the transactions of the business of the said several firms, and shall determine how the balance stands between the partners in each of said firms, and shall award such balance or balances as they may find in favor of the party whom they may think entitled thereto—the object and purpose of the parties being to make a full account and settlement between said parties, of all and singular the affairs of each and all of said firms.

WASHINGTON HARTSFIELD, [L. s.]
DAVIS T. RICHARDSON, [L. s.]
F. M. RICHARDSON, [L. s.]

Signed and sealed in the presence of
J. W. Stephenson,
A. Worrill.

Attest to F. M. Richardson's signature,
Jim Johnson,
Jno. W. Smith."

These arbitrators made in substance the following award:

" We are of opinion, that Francis M. Richardson, when he became a member of the firm of Richardson, Hartsfield & Co., purchased no interest in any of the property or effects of the firm of Richardson & Hartsfield, except the stock of goods and the store-house and lot where the said Richardson & Hartsfield carried on business, for which he gave his notes to the said Washington and the said Davis T., which notes we find to have been collected, and divided equally and properly, between the said Washington and Davis T."

" We are further of the opinion, that effects which belonged properly and of right to the firm of Richardson & Hartsfield, were carried into the business of the firm of Richardson, Hartsfield & Co.; but what specific effects and to what amount, the proofs do not disclose. We cannot, therefore, find any amount in which the firm of Richardson, Hartsfield & Co. is indebted to the firm of Richardson & Hartsfield. We are further of the opinion, that shortly after the said Washington dissolved his connection with the firm of Richardson, Hartsfield & Co., the whole of the assets and effects which were then of the firm of Richardson, Hartsfield & Co., went into the hands of D. T. & F. M. Richardson, and that the said Davis T. and Francis M. are properly chargeable therewith."

" We find and award, that Washington Hartsfield recover of Davis T. Richardson and Francis M. Richardson, the sum of three hundred and forty-seven dollars and thirty-eight cents, his share of the assets and effects of Richardson, Hartsfield & Co. which went, as aforesaid, into their hands, and which they have failed to account for. The above award closes up the respective accounts of all the parties on the books of said firm of Richardson, Hartsfield & Co."

" We further find and award, that Washington Hartsfield do recover of Davis T. Richardson and Francis M. Richardson, the sum of nineteen hundred and sixty-nine dollars and twenty-two cents, his proportion of the assets which went, as aforesaid, into the hands of the said Davis T. and Francis M.

Richardson, which are unaccounted for, belonging to the said firm of Richardson & Hartsfield. This award closes up and fully settles all the accounts of the parties on the books of the said firm of Richardson & Hartsfield. The outstanding indebtedness of each of said firms shall be settled by the members of the respective firms."

" The assets of each of said firms now on hand, (except the accounts of the partners hereinbefore settled and disposed of,) shall be equally divided under the direction of the Judge of the Superior Court of said county of Upson."

" We further award, by agreement entered on said submission, the sum of six hundred and thirty-five dollars, to be paid in equal parts by the parties in controversy, to the arbitrators, for their compensation in this case. And further, that the costs of this cause be paid equally by the parties. June 16, 1858.

(Signed)             JAMES M. SMITH, [L. S.]
                     WM. G. HORSLY, [L. S.]
                     EDMUND A. SPIVEY, [L. S.]"


To entering this award on the minutes, and making it the judgment of the Court, the Richardsons objected, and excepted on the following grounds :

1st. Because the same is no award.

2d. Because the same is no award of the matters that were referred to the arbitrament and decision of the arbitrators.

3d. Because said award fails to find or decide whether Davis T. Richardson is or is not indebted to Hartsfield upon account had between them of the affairs of the firm of Richardson & Hartsfield.

4th. Because said award fails to ascertain and determine and award how the balance stands between Hartsfield and Davis T. Richardson, as also between Hartsfield and Davis T. and Francis M. Richardson, in each of said firms.

5th. Because said award fails to ascertain and declare what the assets of each of said firms, on hand, are, as also in whose

hands said assets are, and makes no division of the same, and is not final nor certain, and requires the further action of this Court to settle and determine the matters in dispute which were referred to the arbitrators.

6th. Because the proceedings of the arbitrators were not in conformity with the Act of 1856, in this, that said arbitrators, without adjournment from day to day, and without adjournment to a particular day, after the evidence was closed, failed to proceed, but suspended action for the space of six weeks, and did not make up and sign the same until the expiration of that term, and said arbitrators thereby lost jurisdiction of the matters submitted to them.

7th. Because the present Term of the Superior Court is not the next Superior Court of the county of Upson, after said award was made.

The Court overruled the objection and exceptions to said award, and ordered the same to be entered on the minutes of the Court, and made the judgment thereof; and counsel for the Richardsons excepted.

O. C. GIBSON, for plaintiffs in error.

J. W. GREEN, contra.

By the Court.—LUMPKIN J. delivering the opinion.

We have examined carefully the exceptions filed to the award in this case, and concur with the Court below, that they are not sufficient to prevent the award being made the judgment of the Court.

[1.] As to the first exception, the arbitrators expressly declare, that the amount of $1,900 found against the two Richardsons, on account of the assets of the first firm of Richardson & Hartsfield, closes up and settles the accounts of the partners on the books of said concern.

[2.] The second exception, we think, is not well taken in

point of fact. The submission did not require the arbitrators to find what amount of assets belonging to each firm were on hand, and in whose hands they were, and to divide the same, but to settle the indebtedness of the several parties growing out of the business of the several firms. And that they have done. But they do award that all the assets on hand shall be equally divided, under the direction of the Court. And why cannot this part of the award be made the judgment of the Court, and persons appointed to make the division, provided the parties fail or refuse to make it themselves?

[3.] As to the exception taken to the unauthorized adjournment by the arbitrators themselves, before the award was made, it is not sustained by the record. But concede that it was; the award was made, and the arbitrators merely delayed to sign it, for the reason set forth in the record. Besides, Davis T. Richardson, one of the firm of Davis and Francis Richardson, assented to the delay. Moreover, the affirmative declaration in the statute, that the arbitrators may adjourn from day to day, does not exclude necessarily the right to adjourn for a longer time, should the exigencies of the case require it.

Judgment affirmed.